UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL CASE NO. 11-217-WOB-CJS

MANUEL DE JESUS FAMILIA ROSARIO          PETITIONER

v.     **REPORT AND RECOMMENDATION**

EDWARD PRINDLE, ET AL.            RESPONDENTS

\* \* \* \* \* \* \* \* \* \*

On September 2, 2011, Petitioner, through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (R. 1). On October 6, 2011, Respondents filed a Return to the Petition (R. 18), to which Petitioner filed a Reply (R. 21). Respondent Wong also filed a Motion to Dismiss (R. 19), and Petitioner has now responded (R. 22). Having all relevant documents before the Court, the matter is now ripe for consideration and the issuance of a Report and Recommendation. 28 U.S.C. § 636(b). For the reasons set forth below, it is **recommended** that the District Court **deny** Respondent Wong's Motion to Dismiss, **grant in part** Petitioner's Petition for Writ of Habeas Corpus to the extent he requests that the Immigration Court hold an individualized bond hearing pursuant to 8 U.S.C. § 1226(a), and **deny in part** his request for immediate release and attorney fees.

**I. FACTS**

The relevant facts are undisputed.[1] Petitioner, a 60-year-old citizen of the Dominican Republic, has been a lawful permanent resident of the United States since 1999. (R. 4-1, 18-7). In

---

[1] Because the Petition involves only issues of law, not fact, an evidentiary hearing is not required. *See Edwards v. Parker*, 52 F.3d 325 (unpublished table decision), 1995 WL 222184, at \*1 (6th Cir. 1995).

November 2007, he pled guilty in the United States District Court for the District of Minnesota to an Information charging him with aiding and abetting a conspiracy to violate 8 U.S.C. § 1328, which prohibits importation of aliens into the United States for prostitution and other immoral purposes. Petitioner's role in the conspiracy was distributing condoms to businesses he knew were brothels. (*Id*.). At his sentencing, Petitioner received a two-level reduction in his offense level for being a minor participant. (R. 4-1). The Court accepted his Plea and entered Judgment, sentencing him to time served, which was four days incarceration plus five months at a halfway house. (R. 4-6).

On March 21, 2010, five months after his criminal case concluded and two years and ten months after being released on bond, Petitioner was charged with being subject to removal for having committed a crime of moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I), and was detained in the custody of the Immigration and Naturalization Service ("INS"). (R. 18-2, 18-3). Petitioner conceded he was ineligible to be admitted to the United States under 8 U.S.C. § 1182(a)(2)(A)(i)(I), and filed an application for cancellation of his removal under 8 U.S.C. § 1229b(a), which permits the Attorney General to cancel removal for an inadmissible alien who has been a lawful permanent resident for five years, has resided in the United States continuously for seven years, and has not been convicted of an aggravated felony. (R. 4-12).

On June 4, 2010, the Immigration Judge entered an order of removal and denied Petitioner's application for cancellation of removal, finding he was not eligible under § 1229b(a) because his crime constituted an aggravated felony. (R. 18-7). On September 20, 2010, the Board of Immigration Appeals ("BIA") affirmed the Immigration Judge's decision. Petitioner filed a petition for review with the Seventh Circuit. (R. 18-8). On August 24, 2011, the Seventh Circuit vacated the Immigration Judge's order of removal and remanded the matter to the agency to reconsider

Petitioner's application for cancellation of removal, finding Petitioner's crime was not an aggravated felony under 8 U.S.C. § 1101(a)(43)(K)(I).  (R. 4-1).

Petitioner has been incarcerated for more than seventeen months, and seeks either to be released pending the reconsideration of his application for cancellation of removal or, at a minimum, to have a bond hearing before the Immigration Judge.

## II. ANALYSIS

### A. Respondent Wong is a Proper Respondent

Respondent Wong seeks to be dismissed from this action, arguing he is not a proper respondent to a petition for writ of habeas corpus because he is not Petitioner's immediate custodian, citing *Rumsfeld v. Padilla*, 542 U.S. 426 (2004).  In *Rumsfeld*, however, the Supreme Court specifically noted it was not determining who was the proper respondent to a habeas petition filed by an alien detained pending deportation.  *Id*. at 435 n.8.

The Supreme Court having declined to decide the issue, this Court is bound by the Sixth Circuit's decision in *Roman v. Ashcroft*, 340 F.3d 314, 320-21 (6th Cir. 2003).  In *Roman*, the Sixth Circuit held that the INS District Director for the district where the Petitioner is being held is the proper respondent in a habeas action.  *Id*. at 321.  Thus, Respondent Wong, being the Immigration and Customs Enforcement ("ICE") Field Director for the Kentucky Field Office overseeing Boone County where Petitioner is being detained, is the proper Respondent and should not be dismissed.

### B. Petitioner is not Subject to Mandatory Detention

Petitioner seeks to be released while the Immigration Judge reconsiders his application for cancellation of removal pursuant to the Seventh Circuit's remand.  The detention of a noncitizen

during the pendency of his removal proceedings is governed by 8 U.S.C. § 1226.[2] Respondents argue that Petitioner is subject to mandatory detention under § 1226(c). Petitioner argues his detention is governed by § 1226(a), which provides the Attorney General with discretion in his detention decisions, not § 1226(c), which mandates detention.

The issue here is whether § 1226(c) applies to Petitioner since he was not detained immediately upon being released from custody on his criminal matter. To answer this question the Court must determine whether the "when the alien is released" language in § 1226(c) refers to an alien's immediate release from criminal custody or refers to anytime after an alien's release.

The BIA has held that mandatory detention under § 1226(c) applies to a criminal alien who was not immediately detained by immigration officials upon his release from criminal custody. *See Matter of Rojas*, 23 I. & N. Dec. 117 (BIA 2001).

---

[2] 8 U.S.C. § 1226(a) and (c) provide, in part:
(a) Arrest, detention, and release [of aliens]
On a warrant issued by the Attorney General, an alien **may** be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General - -
   (1) may continue to detain the arrested alien; and
   (2) may release the alien on--
      (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
      (B) conditional parole[.]
      . . .
(c) Detention of criminal aliens
   (1) Custody
      The Attorney General **shall** take into custody any alien who-
         (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
         . . .
         **when the alien is released**, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.
8 U.S.C. § 1226 (emphasis added).

While the circuit courts have not addressed this specific issue,[3] several district courts have rejected *Matter of Rojas's* application of § 1226(c) to aliens who were not immediately detained upon their release from criminal custody, finding the "when the alien is released" language is unambiguous and limits § 1226(c)'s application to those taken into immigration custody immediately upon their release from criminal custody. *See Parfait v. Holder,* No. 11-4877, 2011 WL 4829391, at *6-7 (D.N.J. Oct. 11, 2011) (section 1226(c) does not apply to alien not taken into immediate custody); *Keo v. Lucero,* No. 1:11-cv-614, 2011 WL 2746182, at *3 (E.D. Va. July 13, 2011) (same); *Hosh v. Lucero*, No. 1:11-cv-464, 2011 WL 1871222, at *3 (E.D. Va. May 16, 2011) (same); *Khodr v. Adduci*, 697 F. Supp. 2d 774, 778 (E.D. Mich. 2010) (same); *Louisaire v. Muller*, 758 F. Supp. 2d 229, 236 (S.D.N.Y. 2010) (same); *Scarlett v. U.S. Dep't Homeland Sec. Bureau of Immigration & Customs Enforcement*, 632 F. Supp. 2d 214, 219 (W.D.N.Y. 2009); *Waffi v. Loiselle*, 527 F. Supp. 2d 480, 488 (E.D. Va. 2007) (section 1226(c) does not apply to alien taken into immigration custody over one month after release from criminal custody); *Quezada-Bucio v. Ridge*, 317 F. Supp. 2d 1221, 1225 (W.D. Wash. 2004) (section 1226(c) does not apply to alien detained three years after release from criminal custody).

Only one district court in this circuit has addressed the issue. *See Khodr*, 697 F. Supp. 2d at 778. The court in *Khodr* declined to give *Chevron* deference[4] to the BIA's decision in *Matter of*

---

[3]The First Circuit did, however, hold on an unrelated issue that the "when released" language modifies the enumerated offenses that proceed it, which lends support to Petitioner's position. *See Saysana v. Gillen*, 590 F.3d 7, 13-15 (1st Cir. 2009).

[4]*Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984), provides that when interpreting a statute, a court and agency "must give effect to the unambiguously expressed intent of Congress." *Id*. at 842-43. Where, however, Congress's intent is ambiguous, a court should defer to the agency's construction of a statute it administers. *Id*. at 843 n.9.

5

*Rojas*, finding "the statute is clear that the detention must be immediate."[5] *Id*. at 779. The court acknowledged, however, the difficulties that a literal "immediacy" requirement would pose on immigration officials, and held that the Attorney General must take the alien into custody within a reasonable period of time after his criminal release. *Id*. at 780. While not establishing a bright line test for reasonableness, the court found four years was clearly unreasonable. *Id*. (citing *Zabadi v. Chertoff*, No. 05-03335, 2005 WL 3157377, at *5 (N.D. Cal. Nov. 22, 2005) (finding 2-year gap between release from criminal custody to ICE detention unreasonable); *Waffi*, 527 F. Supp. 2d at 488 (alien taken into immigration custody over 1 month after release from criminal custody precluded application of § 1226(c)); *Scarlett*, 632 F. Supp.2d at 219 (18-month gap between release and ICE detention too long); *Quezada-Bucio*, 317 F. Supp. 2d at 1225 (W.D. Wash. 2004) (mandatory detention did not apply when alien taken into custody 3 years after released from criminal custody)).

The decision in *Khodr* is consistent with the intent behind § 1226(c) - to detain dangerous criminal aliens before they are permitted to assimilate back into the community where they may pose either a risk of danger to the community and/or a risk of flight. *See Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231 (3d Cir. 2011). Here, Petitioner was arrested on the criminal matter on May 19, 2007. (R. 4-4). On May 23, 2007, he was released to a halfway house on a $25,000 unsecured bond. (*Id*. at 3, ¶ 18). On October 25, 2007, his bond conditions were modified, and he was permitted to return home. On November 5, 2009, Petitioner was sentenced to time served and three years supervised release. Thus, Petitioner had been permitted to remain free during the pendency of his criminal

---

[5]The court explained: "If Congress wished to permit the Attorney General to take custody of criminal aliens at any time after being released from criminal confinement, it could have done so using the phrase 'at any time after the alien is released.' But, by using the word 'when,' Congress demonstrated its intent that such aliens be taken into custody contemporaneous with their release or not at all (at least under section 1226(c))." *Khodr*, 697 F. Supp. 2d at 778-79.

action and was not sentenced to any further term of incarceration. On March 23, 2010, almost five months after his criminal case concluded and two years and ten months after he was released on bond, Petitioner was taken into custody by INS pending his removal. (R. 16-3). The record does not support a finding that Petitioner is the type of dangerous alien to which § 1226(c) was intended to apply.

Applying the rationale of the court in *Khodr,* it is therefore **recommended** that 8 U.S.C. § 1226(c) be found not to apply to Petitioner in this case. He was not immediately detained upon his release, and is entitled to an individualized bond hearing before the Immigration Court pursuant to 8 U.S.C. § 1226(a).[6]

### C. Attorney Fees

Petitioner requests in his prayer for relief that the Court award a reasonable attorney fee under the Equal Access to Justice Act, 28 U.S.C. § 2412.[7] The lack of Sixth Circuit law on this critical issue, as well as the BIA's decision in *Matter of Rojas,* prompt the conclusion that Respondents' position herein was not substantially unjustified. An award of attorney fees is therefore **not recommended.** *See Dang v. Lowe*, 1:CV-10-0446, 2010 WL 2044634, at *2 (M.D. Pa. May 20, 2010) (no attorney fees awarded); *Burns v. Cicchi*, 702 F. Supp. 2d 281, 294 (D.N.J. 2010) (denying request for attorney fees on identical issue, since no circuit precedent).

## III. CONCLUSION AND RECOMMENDATION

---

[6] Since it is recommended that Petitioner be found not subject to mandatory detention, the Court need not review Petitioner's alternative grounds for relief based on a Due Process claim for the unreasonable length of the mandatory detention.

[7] Section 2412(d)(1)(A) provides: "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

For the reasons stated herein, **IT IS RECOMMENDED** as follows:

(1) Respondent Wong's Motion to Dismiss (R. 19) be **DENIED**;

(2) Petitioner's Petition for a Writ of Habeas Corpus (R. 1) be **GRANTED IN PART** to the extent he requests the Immigration Court hold an individualized bond hearing pursuant to 8 U.S.C. § 1226(a), and be **DENIED IN PART** as to his request for immediate release and for an award of attorney fees; and,

(3) The matter be **REMANDED** to the Immigration Court to provide Petitioner with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) within 14 days from the date of the presiding District Judge's subsequent order addressing this Report and Recommendation.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen (14) days of being served with those objections. Fed. R. Civ. P. 72(b)(2).

Dated this 28th day of November, 2011.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

G:\DATA\habeas petitions\2241 matters\11-217.2241R&R.wpd